UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| HARY LEE,<br><br>    Plaintiff,<br><br>v.<br><br>WALTON COUNTY BOARD OF EDUCATION D/B/A WALTON COUNTY PUBLIC SCHOOL DISTRICT,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br><br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

COMES NOW Plaintiff, Harry Lee ("Plaintiff"), by and through his undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant Walton County Board of Education D/B/A Walton County Public School District (hereinafter "Defendant" or "Walton BOE"), showing the following:

## I. NATURE OF COMPLAINT

1.  Plaintiff brings this action for damages, liquidated damages, reasonable attorney's fees, court costs, and expenses based on Defendant's violation of his rights pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §

621 et seq. and the Georgia Whistleblower Act, O.C.G.A. § 45-1-4.

2. This action seeks, *inter alia*, declaratory and equitable relief, along with monetary damages, attorney's fees, and costs.

## II. PARTIES

3. Plaintiff is a resident of the State of Georgia, a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4. Defendant is a school district headquartered in Walton County, Georgia, with a principal office located at 200 Double Springs Church Road, Monroe, Georgia 30656.

5. Defendant may be served with process by delivering a copy of the Complaint and Summons to 200 Double Springs Church Road, Monroe, Georgia 30656.

## III. JURISDICTION AND VENUE

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises out of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA").

7. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Count II of this Complaint, which arises out of the same transaction or occurrence as Count I of this Complaint and falls under Georgia Law, the Georgia

Whistleblower Act, O.C.G.A. § 45-1-4 ("GWA").

8. This Court has jurisdiction over the parties of this action because a substantial portion of the employment practices described herein took place within the Athens Division of the Middle District of Georgia.

9. Plaintiff exhausted his administrative remedies in this matter.

10. This action has been timely commenced.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## IV. FACTUAL ALLEGATIONS

12. Defendant is now, and at all times relevant hereto, an employer subject to the ADEA.

13. Defendant is now, and at all times relevant hereto, a public employer subject to the GWA.

14. Plaintiff was employed by Defendant from 1998 until his termination on June 24, 2021.

15. Plaintiff was, at all times relevant hereto, a public employee pursuant to the GWA.

16. During all times relevant to his claims, Plaintiff served as Defendant's Chief Financial Officer ("CFO").

17. During all times relevant to his claims, Plaintiff was 64 years of age.

18. During all times relevant to Plaintiff's claims, Defendant was aware of Plaintiff's age.

19. Plaintiff most recently reported to Superintendent Mr. Nathan Franklin.

20. Prior to the events in question, Plaintiff had what can only be described as a positive performance history with Defendant, having received no disciplinary actions or other indication of a poor performance in over twenty years.

21. Plaintiff's most recent performance evaluation from Mr. Franklin, dated May 5, 2021, was entirely positive.

22. On June 21, 2021, Plaintiff attended a meeting with Mr. Josh Carrol (an External Auditor from Mauldin Jenkins), Ms. Robin Bryant (then Director of Finance), and Ms. Katie Childers (Coordinator of Accounting) to discuss Defendant's Fiscal Year 2021 audit.

23. During that meeting, which took place in a Walton BOE conference room, Plaintiff reported several violations of state law and policy by the Walton BOE.

24. One violation reported by Plaintiff detailed that Mr. Franklin violated O.C.G.A. § 20-2-212.6 by improperly diverting state funds to give himself a raise of approximately $10,000.00 in a school year during which Defendant furloughed several teachers, paraprofessionals, cafeteria workers, bus drivers, custodians, support staff, and other nonadministrative positions.

25. Plaintiff also reported to the external Auditor that the Walton BOE was not following the Georgia Department of Education's policy regarding the use of state funds to provide meals to teachers, and failed to properly abide by IRS-imposed sales tax guidelines when using procurement cards.

26. The June 21, 2021, meeting was the first time during his long history with the Walton BOE that Plaintiff disclosed illegal activities.

27. Shortly after his reports, news of Plaintiff's disclosures made its way to Mr. Franklin.

28. Mr. Franklin then terminated Plaintiff's employment on June 24, 2021.

29. In doing so, Mr. Franklin and Mr. Lance Young (Chief Human Resources Officer) reasoned that Plaintiff's office was "in shambles."

30. Defendant demanded that Plaintiff retire immediately.

31. While Plaintiff had recently discussed retirement with Mr. Franklin and others at the board office, it was well known that Plaintiff did not intend to retire until he reached the age of 70.

32. When Plaintiff informed Mr. Franklin that he would not retire immediately as demanded, Plaintiff was terminated without severance.

33. Defendant terminated Plaintiff's employment in violation of the ADEA.

34. Defendant terminated Plaintiff's employment in violation of the GWA.

35. Plaintiff filed a claim with the EEOC, Charge Number 410-2022-00378.

## V. CLAIMS FOR RELIEF

### COUNT I:
### VIOLATIONS OF THE ADEA

36. Plaintiff incorporates by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

37. Plaintiff is a member of a protected class by virtue of his age. *Para. 17.*

38. During all time periods relevant to this Complaint, Defendant was aware of Plaintiff's age.

39. Plaintiff was qualified for the position at issue. *Paras. 14, 16, 20-21.*

40. Plaintiff suffered the adverse action of termination. *Paras. 28-34.*

41. Comments made regarding Plaintiff's retirement is evidence of a discriminatory animus. *Paras. 30-32.*

42. Defendant's business reason is illegitimate.

43. Defendant's violation of the ADEA was willful.

44. Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

45. As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

46. Plaintiff is entitled to lost wages and benefits, liquidated damages, attorneys'

fees and costs, prejudgment interest, reinstatement or front pay and benefits in lieu thereof, and any other relief available under the law.

## COUNT II:
## VIOLATIONS OF THE GWA

47. Plaintiff incorporates by reference paragraphs all paragraphs and allegations set forth in this Complaint as though fully and completely set forth herein.

48. At all times relevant to this action, Plaintiff was a "public employee" as defined in the GWA.

49. At all times relevant to this action, Defendant was a "public employer" as defined in the GWA. Plaintiff was a covered employee under the GWA.

50. Plaintiff made protected disclosure under the GWA. *Paras. 22-25*.

51. Defendant was aware of Plaintiff's protected disclosures.

52. Plaintiff suffered the adverse action of termination. *Paras. 28-34*.

53. The timing between Plaintiff's protected activities and Plaintiff's termination suggests causation.

54. Defendant's adverse actions against Plaintiff are illegitimate.

55. Defendant's violation of the GWA was willful.

56. Defendant willfully and wantonly disregarded Plaintiff's rights, and its actions toward Plaintiff were undertaken in bad faith.

57. As a direct and proximate result of Defendant's violations, Plaintiff has

suffered economic and non-pecuniary damages.

58.     Plaintiff is entitled to lost wages and benefits, compensatory damages, punitive damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay and benefits in lieu thereof, and any other relief available under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

   a. Trial by jury;

   b. That judgment be entered against Defendant on all claims;

   c. Actual and compensatory damages;

   d. Punitive and liquidated damages based on Defendant's willful, malicious, intentional, and deliberate acts;

   e. Reasonable attorney fees and expenses of litigation;

   f. Prejudgment interest at the rate allowed by law;

   g. Declaratory relief to the effect that Defendant violated Plaintiff's statutory rights;

   h. Injunctive relief prohibiting Defendant from further unlawful conduct of the type described herein; and

      i.  Any other relief this Court deems proper and just.

Respectfully submitted this 31st day of March, 2022.

                                    THE KIRBY G. SMITH LAW FIRM, LLC

                                    <u>s/Amanda M. Brookhuis</u>
                                    Amanda Brookhuis
                                    Georgia Bar No. 601396
                                    *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

9.

## JURY DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 31st day of March, 2022.

        THE KIRBY G. SMITH LAW FIRM, LLC

        s/Amanda M. Brookhuis
        Amanda Brookhuis
        Georgia Bar No. 601396
        *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

10.